### No. 529

AMOROSI v. LANGE
No. 19780. Supreme Court

On motion to certify. Dock. Apr. 19, 1926.

1235. VERDICTS—If a verdict is defective in substance, may the trial court receive it and enter judgment thereon, and, upon error proceedings, may the Appeals correct said judgment by reading the record and making a finding from the evidence which the jury did not make?

Emilio Amorosi brought this action originally in Lake Common Pleas against E. H. Lange for the purchase price of a milking machine.

It appears that the petition alleged the price to have been $185.20, but the defendant on cross-examination testified "One hundred and eighty some odd dollars". The trial court

charged the jury that the price as established by the evidence was $185.00 and that there could be no compromise verdict.

Amorosi testified that the machine was delivered on March 1, 1922 for trial and that it was to be returned if found unsatisfactory; that the machine proved unsatisfactory and he so notified Lange, who, however, testified the machine was satisfactory. There was no evidence concerning when the trial period ended.

The jury returned a verdict for "$185 with interest".

The Appeals issued a special mandate to the Common Pleas to reduce the judgment to $180 with interest from March 1, 1922.

Amorosi, in the Supreme Court, contends:

1. That the trial Court has the mandatory duty of seeing that a defective verdict is not received under 11456 GC., which provides that "If the verdict in substance is defective, the jury must be sent out again for further deliberation".

2. That the jury failed to assess the amount of recovery in its verdict as required by 11465 GC. by not finding a date from which interest was to be calculated.

3. That the Appeals erred in making a finding from the evidence under 32 OS. 52, which held that in an action for the recovery of money, if the verdict is for the plaintiff, but it is necessary to go to the evidence offered on the trial to determine the meaning of the verdict, no judgment can be properly entered on such uncertain verdict.

Attorneys—Giblin & Giblin, for Amorosi; Tuttle, Hubbard & Willis for Lange; all of Painesville.